Good morning, Your Honors. Drew Justice for the Appellant, Matthew Howell, and I'll reserve three minutes for rebuttal if I can. May it please the Court, today I was going to focus on the Fourth Amendment issue because, one, that's the issue that I actually requested oral argument on, and two, I figured that's probably the issue that this Court is most interested in. So, with that being said, this appeal is about whether the Appellant, the Plaintiff Matthew Howell, suffered a deprivation of liberty as a consequence of a legal proceeding when he, among other things, had to stay in jail for 15 days on charges that the defendant Officer Joe Cox brought against him. The Fourth Amendment prohibits unreasonable seizures, and as the Supreme Court has held most recently in Manuel v. City of Joliet, a seizure from a prosecution that, without probable cause, or where the probable cause is based on lies, is an unreasonable seizure. This Court, or this circuit, has created a cause of action as of about eight years ago, if not longer, where that accrues upon acquittal, and where upon acquittal, if an officer has prosecuted you based on intentional or reckless falsehoods as opposed to probable cause, then you have a cause of action against that officer if, as a consequence of that proceeding, you suffered a deprivation of liberty. A deprivation of liberty, probation, strenuous bond conditions, things of that nature. Now, in this case, Plaintiff Howell was held as a consequence of a false charge brought by the defendant. Isn't that the difficulty here? Threading through from the initial seizure to the ultimate incarceration. What is your best case that you can make that connection? I don't know that I have a best case in the sense of, I don't know of any case that's directly dealt with this specific issue, other than I feel like Sykes v. Anderson, the reasoning, I guess I would say Sykes v. Anderson is the best case, because Sykes v. Anderson says that an officer is supposed to be held accountable for all consequences that are reasonably foreseeable. How do you deal with Powers? Powers is where Chief Judge Cole said that the actions of a judge may sever the chain of causation between a plaintiff's injury and a defendant's wrongdoing in this case. That was the public defender case? Powers v. Hamilton County Public Defenders. You recall that case? I'm sorry. Yes, I remember that from another case that I did. I don't think it was cited in this one, but I do remember that case. Here's the problem in this case. The initial deprivation, he just cited him for a public intoxication ticket and let him go. That night. Then he doesn't appear. The reason he doesn't appear is because the court doesn't notify him. There's an independent warrant that results in his arrest. In fact, as we both know, public intoxication is usually a $50 ticket in Tennessee. It can result in up to 30 days in jail, but the reality is that he was intended to issue him a ticket. He let him go that night. He could have thrown him in jail. Then some crazy event happens where they issue this notice, but never deliver it. He doesn't appear. So they arrest him on it. That seems like the intervening cause that Judge Cole was talking about empowers. I guess the Manuel v. City of Joliet case undermines any idea that the indictment or that the judge is an intervening cause. Where does it do that? What page? Because I didn't see that. What they say is that if the whole reason for holding a defendant in jail is the probable cause that an officer has made up, then the officer's allegations contributed to holding him. Whereas here he was held because of a warrant issued for failure to appear. Not for the public intoxication, but for failure to appear. Legally that's not really correct. I do disagree that public intoxication is normally a $50 fine only. I'm right, right? It's up to 30 days in jail or a $50 fine. Up to 30 days in jail or 30 days probation or some combination of jail and probation plus a $30 fine. The reason why I mention that is because 1. People frequently get jail time for public intoxication, but 2. Even if they don't get jail time, they almost always get 30 days probation or 2 days jail, 28 days probation. I'm reading from Manuel to go back to your case. It says, and that detention was unreasonable to Clint Blank continues because it was based solely, and they use the word solely, on the false evidence. Correct. I would say that this... This isn't solely based on anything to do with the public intoxication. It really is because the plaintiff was not held on any other charges. He wasn't held on contempt of court. Let's say he got into an accident on the way to court and that's the reason he didn't appear. But the judge didn't know it. The judge issued a warrant. He spends 15 days in jail. Is that related to the public intoxication? I would say that he's being held on... I mean, as a matter of law in Tennessee, he is being held on the public intoxication unless there's some other charge such as it was suggested in the motion for summary judgment. But there's no other charge in my hypothetical. If there's no other charge, I would say that yes, he's being held on the public... Let's say he willfully fails to appear. If he willfully fails to appear... But no other charge. If he willfully fails to appear, then the defendant would at least have an argument that his willful conduct, his intentional wrongdoing was itself a superseding tort, a superseding event of some kind. And so if the defendant at the trial of this case wants to argue that he can, but he won't get anywhere because we've got the judge on record admitting that they didn't notify the plaintiff. And so I would suggest... Here's the struggle. Don't you think you have to make some connection between the initial seizure or your allegations against the officer and the ultimate incarceration more than just the independent issuance of a KPS? Because if you don't, any time someone fails to show or defies the court's authority and that court then issues a KPS for them, you're going to be able to say it connects back. I thought what you would be looking for or arguing would be that something occurred in the first trial, some evidence came in, this judge would not have otherwise issued the KPS, but then you're going to have to convince us that that's not standard procedure for a no-show. You see where I'm coming from, how you thread that needle to show that the actions of this officer in fact were the basis of the issuance of the KPS. I just don't see that yet. Do you think you don't need that? I think the officer intended all along for Matthew Howell to suffer a deprivation of liberty. The officer falsely charged him with a crime that carries 30 days in jail or 30 days probation or some combination. Either one of those is a deprivation of liberty. A deprivation of liberty was intended all along. I don't think it makes any sense for the officer to say he didn't foresee a deprivation of liberty when that was his intent from the beginning. If that weren't already enough... That's true for any arrest on any crime ever, right? So anything that results in a deprivation of liberty down the road can be tied to the initial arrest, no matter what it is. I would suggest that there may be some exceptions if there is an intentional wrong doing by the plaintiff. So only intentional wrong doing breaks the causation? That would be, yes. Do you have a case for that proposition? Sykes and Powers don't say that, right? Sykes was about an ineffective lawyer. Powers was an ineffective lawyer. There's a whole section on proximate cause. Remember when they're talking about indigency and who has the obligation to inform the defendant that there's an indigency exception? I would say that this officer had an obligation to notify the court from the very beginning that his probable cause was made up. Could he have arrested him for disorderly conduct? No. I would say no. He could have, but could he have appropriately? No, he could not have appropriately done that. We didn't introduce the video into the record for this appeal because it wasn't very relevant to this appeal, but no, your honor, he could not have. Well, I watched it. It's part of the record. Oh, okay. I didn't realize it had been filed in the appellate court. No, for disorderly conduct, you have to be fighting with another person or making a huge amount of noise that disrupts public activity. What I was going to say is not only did the officer foresee this deprivation of liberty because he planned it from the beginning, but in this particular case, he's the one that re-arrested Mr. Howell. So he not only foresees it, but he actually saw it. He turned him over to the sheriffs. I mean, in his affidavit, he tries to pass the buck and say, I only detained him. Whether you call it an arrest or... According to Robert, I think it's Robertson v. Lucas, that's actually a tort in itself, is arresting someone on a warrant. On a valid warrant? On a valid warrant if the officer knows that it's not based on probable cause. And that's cited in my reply brief, Robertson v. Lucas from 2014 from this circuit. So I would say that was essentially a false arrest in itself when he re-arrested the plaintiff. We didn't charge him with false arrest as a claim in this case because, frankly, Melissa's prosecution just seemed to make more sense. We're not only trying to fault Cox for the re-arrest, but also for just the stress of the ongoing prosecution for three years. I will say... I would just say he foresaw the deprivation of liberty from the beginning, and it was his intent. He actually saw the deprivation of liberty when he participated in the re-arrest, which was itself a false arrest. And legally, as a matter of law in Tennessee, the plaintiff was held as a consequence of his legal proceeding, which he falsely initiated. So for those reasons, I would say there was a malicious prosecution, and the judgment should be reversed. Thank you. Good morning, Your Honors. May it please the Court, I'm Kristen Barrexa, and I represent the defendants' appellees, in this case the City of Fairview and Officer Cox. And I'm going to immediately go into this Fourth Amendment issue about the deprivation of liberty apart from the initial seizure. I think the Court recognizes the difficulty with satisfying this third element of malicious prosecution, which is the only element that's at issue. And that element is that as a consequence of the legal proceeding, the plaintiff suffered a deprivation apart from the initial seizure. In this case, the initial seizure was in fact the day Officer Cox arrested or detained the plaintiff for, whether it's disorderly conduct or public intoxication. He detained him, took him to the police department, issued him a citation, released him to a sober ride. That's your initial seizure. Is that seizure a violation of his Fourth Amendment rights? For purposes of this motion, if it is without probable cause, and we can, for purposes of the motion in appeal, say it was, that would be a false arrest. When you watch the video, it looks to me like the reason he arrested him is he didn't like the language he was using. I don't disagree with that characterization. And he even said, you don't like what I'm doing, challenge it in court. I think he even said, argue your First Amendment rights to the court. I believe it's what he said. So yes, is there sufficient proof to show that maybe that arrest was based on First Amendment? Yes. But we admit that for purposes of this motion. That arrest would have created a false arrest claim. And the plaintiff had one year from that date to file that false arrest claim. But your point is he didn't bring it. It may have been there, but he didn't bring it. He didn't bring it within the one year. So what he does bring after he dismisses the charges, he can't bring false arrest. That claim is gone. So you bring malicious prosecution. It runs from the date the charges are dismissed. That's why these claims are different. They're different elements. False arrest covers the initial seizure. Malicious prosecution covers the preceding and this additional element of a deprivation of liberty beyond the initial seizure. So in a lot of the cases... One way to argue this from the opponent's side, from your friend's side on the other side, is that, well, I never would have been deprived of my liberty but for the initial arrest. And since the initial arrest was problematic, that resulted in the deprivation of my liberty. And I think that that is the argument the plaintiff is attempting to make, this sort of broad sweeping but for causation. Well, it's broad sweeping, but it's sweeping because that's the practical reality. If he had not been arrested inappropriately to begin with, he wouldn't have fallen into the system. I mean, that's the argument. And we all have to admit as practical reality, that's true. It's true. So what is the distinguishing factor? How do you show that this is not predicated on the initial arrest? I think what the plaintiff has failed to recognize in his brief and apply is the simple proximate causation here. It's not like he didn't argue that. He's up here saying it was reasonably foreseeable. That's kind of the standard way you determine whether something is proximate. In his brief, he does mention, he gives mention to normal causation principles. But in the argument before us, he's arguing reasonably foreseeable. So it's no answer to that to say he's arguing but for. He's arguing more than but. He's arguing that you have to have more than but. He's arguing that there is more than but for. I think legally he is saying proximate or reasonable foreseeability, but then when you apply, when you look at the facts and how he's making the argument, he's not applying reasonable foreseeability because there's a superseding cause here. Proximate. Is it your position that the only thing available to the judge when there was a no-show here is to issue a KPS? Or is that within the judge's discretion whether to issue a KPS? I assume that would be within the judge's discretion. I mean, the judge can issue it if she wants. So you had the beginning of another trial. You had some testimony from Officer Cox. Is there some thread relating to that testimony that is employed by the judge in the issuance of the KPS? Is there a reasonable foreseeability through all of those issues that would show that this wouldn't have happened if Officer Cox had not lied on the stand or said something in the earlier trial? I do not think it is reasonably foreseeable that let's assume, for purposes of this, Officer Cox gave falsely procured or gave a citation based upon false information. Let's assume Officer Cox testified falsely at trial. The first trial ended in a mistrial. But when Officer Cox had nothing to do with the court. The court is a separate entity. It is not a City of Fairview actor. It is a Williamson County actor. Totally separate actors. State actors. The only issue here is that there are cases in which a judge who is an independent actor issues or takes some action predicated on the misrepresentation or omission of material facts. And if the judge does that, that liability threads through. So you can't just say it was a judge. It was a separate person employed by the courts. You've got to show or he's got to show that there was the thread or you've got to show that there was not. So what is your best case or argument for why this does not fit within the predicated on Officer Cox's activities? Sykes, in my mind, is one of the best cases for us. For one, because it specifically, at page 315, discusses proximate causation and reasonable foreseeability in 1983 cases. And in every case that's been cited, this subsequent deprivation of liberty was a direct result of false testimony by the officer. Such as, officer provides false information, warrant gets issued, the person is arrested on that charge. Some of the other cases that are cited from the Sixth Circuit, the person actually gets convicted as a result of the criminal charge. So the subsequent incarceration is absolutely reasonably foreseeable from the officer's false testimony or false information. In our case, the fact that Mr. Howell failed to show up at a case review conference has nothing to do with the charges for public intoxication that Officer Cox initially cited him for. It's back to traditional tort principles in my mind. But for causation isn't enough. Just because a citation was issued, everything that happens down the road until the charges get dismissed, don't automatically tie back to the officer's actions. I think the perfect example was, what if Mr. Howell had had a wreck on the way to court? Gets hospitalized, doesn't show up. The court issues a bench warrant or a capias because he fails to show at the case review conference. He gets arrested on that capias. That would not be reasonably foreseeable to the officer who issued a citation for public intoxication. All the other cases that are cited, they're jailed for the underlying charge. I wonder if that would work under common law tort. I mean, there's cases where you get injured by a car accident, and then an ambulance takes you to the hospital and the ambulance has a further accident. And you can recover for the whole thing. I guess it's sort of the false graph from torts in law school. I mean, how far do you go? If you treat it as reasonable foreseeability, you can certainly argue that it wasn't foreseeable. But you could also argue that it was foreseeable. Because it's all kinds of things that lend themselves to the risk. You could argue that it's part of the risk of falsely arresting somebody, that there'll be a screw-up and you'll actually serve some time. It increases the risk of that, and so it's part of the contraries of risks if you're going to use tort law. And this is a tort, actually. A constitutional tort, correct. So if an officer issues a citation for false arrest, these proceedings took three-and-a-half years. I think he failed to show at the case review two-and-a-half years into the case. Our officer had nothing to do with the case review. That was completely issued by the court. There was no false testimony, false evidence. Nothing our officer did that caused the court to issue the case review. There's some approximate cause precedence in torts where you look at what the ñ not at what is definitely going to happen, but what is within the group of things that you risk. You don't risk, you know, lightning striking him. No. But you do risk certain kinds of things that happen when you do this kind of tortious activity. And they don't have to be more probable than not. They just have to be things that are within the risk, you know. You have to go to the hospital. And when you're at the hospital, the doctor does a little malpractice, you know. Do you get to recover for all ñ you wouldn't have had any of that. But it's not a first ñ well, yeah, you can. But the question is whether you can sue the original tortfeasor for the injuries that actually occur. And some people are going to say, no, obviously you can't, because no one would foresee that if you go into the hospital, doctors will be careless. But people foresee that all the time. Well, under Sykes and the McKeown ñ I believe it was the McKeown case as well that we cited, for 1983 cases, the courts have defined proximate causation as reasonable foreseeability. We contend, and we think the district court was correct, in that issuing a citation to someone for public intoxication, that is not a natural result, or his later arrest for failure to appear for a case review conference was not reasonably foreseen by Officer Cox when he issued his citation. We think the district court was correct and should be affirmed on that ground. Why didn't you raise qualified immunity? I'm just curious. Because in the court below, the complaint did not ñ we did not believe it sued anyone in their individual capacity. It's less than clear on that, but why isn't it just a knee-jerk reaction to always raise qualified immunity? Because we believe, at that point, a municipal liability claim is much more difficult to plead. That individual officer, we did not see. You listed the officer individually. He didn't say individual capacity. It's a less than perfect complaint, I'll give you that. And then we preserved, in our motion for summary judgment, when Mr. Howell filed a response to our motion for summary judgment, we, in our reply, said, ìOkay, look, Your Honor, if, in fact, this is now an individual capacity claim, we reserve the right to bring up qualified immunity.î But then the judge dismissed the case on our motion. If the case should go back down, now that we know he is attempting to plead an individual capacity claim, we would have to file a motion to amend to assert that defense. But at this point, we read the complaint to be an official capacity claim. And just, he didn't mention the First Amendment, but I think the only thing I would say about that is the statutes run on that, very similar. He had one year, his entire cause of action accrued and was present in that one year, or on the date of his arrest. This court does not recognize the continuing violation doctrine for those types of claims. Only in employment cases, taking things that accrue over time. Thank you. Thank you. Counsel, why did you bring a false arrest claim? We didn't bring a false arrest claim because, by the time I got on this case, it was well after the original arrest. And not only that, but the original arrest was not that big of a deal. He was only held for a short period of time, so that would probably not even really be worth suing over anyway. It was more just the ongoing nature of it, especially the 15 days in jail, but just the stress of him having to defend himself over almost three years. Arguably, a false arrest is always worth suing over, but go ahead. Well, I guess, but I'm just saying, he didn't even come to me until after he'd been acquitted. In terms of the qualified immunity, I would just suggest that that would have very little to do with this case anyway, because it's very well known that officers aren't supposed to just make up false accusations against people. And the damages element, the incarceration, has essentially nothing to do with qualified immunity anyway, I would submit. With regard to the— Is that saying that whichever way you go on that, it'll control the qualified immunity as well, is what you're saying, basically? I mean, that makes sense to me. You're just talking about whether there's enough evidence to show the constitutional tort. Right, right, right. I think just— If there is, then— Correct. Then the qualified immunity is weak, you're saying. And with regard to this Powers v. Hamilton public defender case, in the case on page 609, they did say, even if an intervening third party is the immediate trigger for the plaintiff's injury, the defendant may still be proximately liable, provided that the third party's actions were foreseeable. But that's where, if I lie to a judge and then get a warrant, then of course that is. But if you look at the Gregory case, which no one's mentioned, I mean, the Gregory case is pretty clear, right? And Judge Moore talks in Sykes about the Gregory case, and she says the conclusion— And this is where the officers fabricated their notes. And the fabricated notes are what created the arrest. But then they weren't relied upon in the detention hearing. And she says the conclusion, not only that the consequences of the officers' actions must be reasonably foreseeable, but also that the officers' action must have influenced the continued detention as consistent with other circuits that have confronted similar cases. And then she goes through all the other circuits in very similar situations to this, where they do something wrong at the outset, but the detention is unrelated to that outset. But the whole reason the crime occurred in the first place is because of the officers' bad conduct in all of those cases. So you would ask us to create a split with all these circuits on this, correct? And our own case, which is Gregory. I would submit that the judge did rely on Officer Cox's false accusations when she issued the KPIS because she wouldn't have had any authority or grounds for jailing. That's true in every one of these cases. Is there any evidence that when she issued the KPIS, she did so for the public intoxication and not because the defendant failed to appear? Well, she wouldn't have had any jurisdiction or ability to punish him for not failing to appear unless he were also— But that's true in every one of these cases, right? Unless there were probable cause that he had committed public intoxication. You agree with me that's true in every one of these cases. If I fabricate a crime and then the judge holds me independent of that fabrication, that's true, because I fabricated the crime to start the case. I do kind of agree with Your Honor that I don't agree, I guess, with the ruling in the Gregory case. Okay. That's fair. And I will just say, it specifically talks about that the defendant can be held accountable for a judicial act if that act is based on material omissions or false representations. That's also in the Powers case. In this case, the material omissions were, one, the initial charge in General Sessions, two, the first trial where Officer Cox testified, and then three, the re-arrest. At any of those three points, Officer Cox could have told the truth, and at none of them did he tell the truth. And so he's liable for the jail that resulted as a consequence of the judicial proceeding that he initiated. And with that, I think I'm out of time. I do ask for reversal of this judgment. Other questions? We thank you both for your briefing and your arguments. The case will be taken under advisement and an opinion rendered in due course. Thank you. You may call the next case.